UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACOB M. CRAWFORD                                                    CIVIL ACTION

versus                                                                              NO. 10-3347

STATE OF LOUISIANA                                                SECTION: "B" (3)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Jacob M. Crawford, is a state prisoner incarcerated at the St. Tammany Parish Jail, Covington, Louisiana. On September 17, 2009, he was convicted of possession of cocaine under Louisiana law in Case Number 421223 on the docket of the Louisiana Twenty-Second

Judicial District Court.[1]  On that same date, he also pleaded guilty to being a second offender and was sentenced as such to a term of eight years imprisonment.[2]  On September 10, 2010, the Louisiana First Circuit Court of Appeal affirmed that conviction, vacated the habitual offender adjudication and sentence, and remanded the matter to the state district court.[3]  The record does not indicate whether petitioner has yet been resentenced.

In a separate proceeding in Case No. 469243 on the docket of the Louisiana Twenty-Second Judicial District Court, petitioner also pleaded guilty on September 17, 2009, to another count of possession of cocaine and was sentenced to a concurrent term of five years imprisonment on that conviction.[4]  It is unclear whether he is also challenging that conviction and sentence in this proceeding.

On September 27, 2010, petitioner filed the instant application for federal *habeas corpus* relief.  In support of his application, he claims that his conviction was obtained in violation

---

[1] State Rec., Vol. II of III, trial transcript, p. 260; State Rec., Vol. I of III, minute entry dated September 17, 2009; State Rec., Vol. I of III, jury verdict form.

[2] State Rec., Vol. II of III, transcript of September 17, 2009, pp. 2-17; State Rec., Vol. I of III, minute entry dated September 17, 2009.

[3] State v. Crawford, No. 2010 KA 0509, 2010 WL 3527532 (La. App. 1st Cir. Sept. 10, 2010); State Rec., Vol. III of III.

[4] State Rec., Vol. II of III, transcript of September 17, 2009, pp. 17-22; State Rec., Vol. I of III, minute entry dated September 17, 2009.

of his right against self-incrimination.[5] The state correctly notes that the petition must be dismissed because petitioner failed to exhaust his state court remedies.[6]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

The state contends that petitioner has not sought review of his claim by Louisiana's highest court, the Louisiana Supreme Court. This Court has confirmed that fact. On February 7, 2011, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has not filed any applications whatsoever with that court. Because he has not presented his claim to the Louisiana Supreme Court, petitioner has failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).

---

[5] Rec. Doc. 2.

[6] Rec. Doc. 12. The state also contends that petitioner's claim is moot because he prevailed on the claim on direct appeal. However, the Court cannot determine from the petition whether the claim he now asserts is in fact the same claim asserted on direct appeal. Nevertheless, the Court need not make that determination, because, in any event, petitioner clearly has not exhausted his state court remedies for the reasons noted in this opinion.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Jacob M. Crawford** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this tenth day of February, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.